UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKESIDE COUNTRY CLUB, INC. | § | |
| | § | |
| *PLAINTIFF* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:_____ |
| | § | |
| GRANITE STATE INSURANCE | § | |
| COMPANY, AIG CLAIMS, INC., | § | |
| CUSTARD INSURANCE ADJUSTERS, | § | |
| INC., AND ROBERT MINNIE | § | |
| | § | |
| *DEFENDANTS* | § | |

## NOTICE OF REMOVAL BY DEFENDANTS GRANITE STATE INSURANCE COMPANY AND AIG CLAIMS, INC.

Defendants Granite State Insurance Company ("Granite State") and AIG Claims, Inc. ("AIG Claims") (collectively, the "Removing Defendants") file this Notice of Removal under 28 U.S.C. § 1446(a) and state as follows:

### I.
### INTRODUCTION

1. Plaintiff Lakeside Country Club ("Plaintiff" or "Lakeside") commenced this lawsuit on December 4, 2019, by filing Plaintiff's Original Petition and Request for Disclosure ("Petition") in the 152nd Judicial District Court of Harris County, Texas, Cause Number 2019-85936.

2. Plaintiff's Petition names Granite State, AIG Claims, Custard Insurance Adjusters, Inc. ("Custard"), and Robert Minnie ("Minnie") as Defendants (collectively, "Defendants"). Custard is an adjusting company and was assigned to assist in the handling

of Plaintiff's claim made the basis of this lawsuit. Minnie was the individual adjuster and employee of Custard assigned to assist in the handling of Plaintiff's claim made the basis of this lawsuit.

3.  Granite State and AIG Claims were served with Plaintiff's Petition on December 9, 2019. Custard was served with Plaintiff's Petition on December 10, 2019, and Minnie was served with Plaintiff's Petition on December 13, 2019.

4.  Defendants Granite State and AIG Claims file this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). Custard and Minnie do not need to consent to removal because each is improperly joined as Granite State has previously elected to accept whatever liability Defendants Custard and Minnie might have to Plaintiff for Custard's and/or Minnie's acts or omissions related to the claim. Granite State herein again confirms that it elects to accept whatever liability Defendants Custard and Minnie might have to Plaintiff for Custard's and/or Minnie's acts or omissions related to the claim. Pursuant to Insurance Code section 542A.006(c), the actions against Custard and Minnie must be dismissed with prejudice. In addition, to whatever extent consent may nevertheless be necessary, Custard and Minnie do in fact consent to the removal of this action and thus, the requirement that all Defendants consent to removal is satisfied.

## II.
## BASIS FOR REMOVAL

5.  Venue is proper in this District under 28 U.S.C § 1441(a) because the state court where the action is pending is located in this District.

6.  Removal is proper under 28 U.S.C § 1332(a) if there is complete diversity

between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees. These two conditions are satisfied.

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and the Removing Defendants.**

7. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, a Texas corporation with its principal place of business in Houston, Texas.[1] Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Defendant Granite State is an insurance company incorporated under the laws of New Hampshire, with its principal place of business in Illinois. Granite State is thus a citizen of both New Hampshire and Illinois for purposes of diversity of citizenship.

9. Defendant AIG Claims is a corporation incorporated under the laws of Delaware, with its principal place of business in New York. AIG Claims is thus a citizen of both Delaware and New York for purposes of diversity of citizenship.

10. Pursuant to Section 542A.006 of the Texas Insurance Code, Granite State has elected to accept whatever liability Custard and Minnie have to Plaintiff for their acts or omissions related to the claim. The election was made by written correspondence to counsel for Plaintiff on December 30, 2019, prior to the filing of this Notice. The election is unconditional and irrevocable pursuant to Texas Insurance Code section 542A.006(e) & (f). Under Insurance Code section 542A.006(c), the actions against Custard and Minnie must be dismissed with prejudice.

11. A removing party's right to remove is "to be determined according to the plaintiffs'

---

[1] *See* Plaintiff's Petition, II. Parties.

pleading <u>at the time of the petition for removal</u>." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (emphasis added). "When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff 'unable (not merely unlikely) to succeed on their claims' against a non-diverse agent. *See* TEX. INS. CODE §§ 542A.006(b), (c), (f); *Flores v. Allstate Vehicle & Prop. Ins. Co. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018). Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) (emphasis in original); *See also Barnes Burk Self Storage, LLC v. United Fire & Cas. Co.*, 7:19-CV-00099-M, 2019 WL 6717590, at *2 (N.D. Tex. Dec. 10, 2019).

12. A defendant is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non- diverse defendant.[2] This second, alternative condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4] Because Plaintiff does not have a reasonable possibility of recovery from Custard or Minnie in this lawsuit, due to

---

[2] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[3] *See id.*
[4] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

Granite State's statutory election to accept its potential liability, the citizenship of Custard and Minnie should be disregarded.

13. Because Plaintiff is a citizen of Texas, Granite State is a citizen of New Hampshire and Illinois, and AIG Claims is a citizen of Delaware and New York, complete diversity of citizenship exists between Plaintiff and the Removing Defendants, the only parties whose citizenship should be considered for diversity purposes.

B. **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

14. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest and costs, the Removing Defendants' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.

15. Here, Plaintiff's Original Petition states: "Plaintiff states that it seeks monetary relief over $1,000,000."[5] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000, exclusive of interest and costs.[6]

### III.
### CONCLUSION

16. Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Custard or Minnie, because Granite State has assumed their potential liability pursuant to Texas Insurance Code 542A.006. As such, Plaintiff has no reasonable possibility of recovering against Custard or Minnie, and their citizenship is disregarded for purposes of determining diversity. Because there is

---

[5] *See* Plaintiff's Petition, IV. Jurisdiction and Venue.
[6] 28 U.S.C.A. §1332(a).

complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal of this action is proper under 28 U.S.C. § 1332(a).

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Harris County, Texas promptly after the filing of this Notice.

18. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Index of matter being filed;
2. State Court Docket Sheet;
3. All executed process in the case;
4. Pleadings asserting causes of action;
5. All orders signed by the state judge [none];
6. A list of all counsel of record; and
7. Civil Cover Sheet.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

FOR THESE REASONS, Defendants Granite State and AIG Claims request that this action be removed from the 152nd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ William J. Eggleston*
William J. Eggleston
Texas Bar No. 06483500
S.D. Tex. Bar No. 1989
wje@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 - Facsimile

ATTORNEYS FOR DEFENDANTS
GRANITE STATE INSURANCE
COMPANY, AIG CLAIMS, INC.,
CUSTARD INSURANCE
ADJUSTERS, INC., AND ROBERT
MINNIE

OF COUNSEL:

William J. Eggleston, IV
Texas Bar No. 24063853
S.D. Tex. Bar No. 3016881
will@egglestonbriscoe.com

Raymond L. Gregory II
Texas Bar No. 08438275
S.D. Tex. Bar No. 12879
rlg2@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 - Facsimile

## CERTIFICATE OF SERVICE

I certify that on this 6th day of January, 2020, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties pursuant to Texas Rule of Civil Procedure 11.

Randall O. Sorrels
Law Offices of Abraham, Watkins, Nichols,
Sorrels, Agosto, and Aziz
800 Commerce Street
Houston, Texas 77002
713.222.7211—Telephone
713.225.0827—Fax
rsorrels@awtxlaw.com

*William J. Eggleston IV*
William J. Eggleston, IV