Tab 4

12/4/2019 9:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38953760
By: Joshua Hall
Filed: 12/4/2019 9:43 AM

CAUSE NO. _____

| | | |
|---|---|---|
| LAKESIDE COUNTRY CLUB, INC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GRANITE STATE INSURANCE COMPANY, | § | |
| AIG CLAIMS, INC., CUSTARD | § | |
| INSURANCE ADJUSTERS, INC., | § | |
| AND ROBERT MINNIE | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Lakeside Country Club, Inc. ("Plaintiff"), files this Original Petition and Request for Disclosure complaining of Defendants, Granite State Insurance Company, AIG Claims, Inc., Custard Insurance Adjusters, Inc., and Robert Minnie (collectively "Defendants"), and in support thereof would show this Honorable Court the following:

## I.    DISCOVERY CONTROL PLAN

1.1    Pursuant to Tex. R. Civ. P. 190.1, Plaintiff intends to conduct discovery under Level 3.

1.2    This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests that a Discovery Control Plan tailored to the circumstances of this suit be entered by the Court pursuant to Rule 190.4.

## II.    PARTIES

2.1    Plaintiff, Lakeside Country Club, Inc. (hereinafter "Lakeside"), is a non-profit corporation operating in the State of Texas.

2.2    Defendant, Granite State Insurance Company (hereinafter "Granite"), is a foreign for-profit corporation engaging in the business of insurance in the State of Texas and may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.3    Defendant, AIG Claims, Inc. (hereinafter "AIG"), is a foreign for-profit corporation engaging in the business of insurance in the State of Texas and may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.4    Defendant, Custard Insurance Adjusters, Inc. (hereinafter "Custard"), is a foreign for-profit corporation doing business in the State of Texas and may be served with process through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.5    Defendant, Robert Minnie (hereinafter "Minnie"), is an individual and an insurance adjuster licensed by the Texas Department of Insurance. Minnie may be served with process at with petition and citation at his place of residence located at 6301 Elkhart Avenue, Lubbock, Texas 79424-1229.

2.6    Plaintiff expressly invokes the right under Tex. R. Civ. P. 28 to have the true name(s) of the parties substituted at a later time upon the motion of any party or of this Court.

### III.    MISNOMER/ALTER EGO

3.1    In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.    JURISDICTION AND VENUE

4.1    This Court has subject-matter jurisdiction over this case under its general jurisdiction as conferred by the Texas Constitution because the amount in controversy is within the Court's

jurisdictional limits, and because no other court has exclusive jurisdiction over this case. Plaintiff states that it seeks monetary relief over $1,000,000.00.

4.2     This Court has personal jurisdiction over Defendants, Granite, AIG, and Custard, because they are foreign corporations that do business in Texas and Plaintiff's causes of action arise out of these Defendants' business activities in Texas.

4.3     This Court has personal jurisdiction over Defendant, Minnie, because he is a Texas resident who engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of Defendant, Minnie's, business activities in Texas.

4.4     Venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1) because it is in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## V.     NOTICE AND CONDITIONS PRECEDENT

5.1     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

5.2     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendants' prior breach of the insurance contract.

## VI.     FACTS

6.1     Plaintiff is the owner of certain real property with improvement located at 100 Wilcrest Drive, Houston, Texas 77042 (the "Premises"). The Premises was insured by insurance policy number 02-LX-003234695-7 (the "Policy"), issued by Granite State Insurance Company, a

member of the American International Group, Inc. Plaintiff is the owner of the Policy and the named insured on the Policy.

6.2    On or about August 27, 2017, or another time when the Policy was in effect, a severe storm, "Hurricane Harvey," caused substantial damage to the Premises and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 2378879211US) and demand for payment on Granite and AIG for damages to the Premises and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Granite and AIG assigned or otherwise retained its employees and/or agents, Custard and Minnie, to work on Plaintiff's claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Granite has refused to pay amounts due and owing under the Policy for the Claim.

6.3    Custard and Minnie made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Custard and Minnie failed to fully quantify Plaintiff's damages, thus demonstrating they did not conduct a thorough investigation of Plaintiff's Claim. Custard and Minnie conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate relied upon by Granite and AIG. The damage estimate failed to include all damages to Plaintiff's Premises. The damages included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Premises, which ultimately led to approving an improper adjustment and an inadequate and unfair settlement of Plaintiff's Claim. Further, Defendants knowingly and intentionally overlooked damages at the Premises and used an

inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's Claim. Because of Defendants' conduct, Plaintiff's Claim was underpaid and partially denied.

6.4     Granite failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Granite refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Granite's conduct constitutes a breach of the insurance contract between Granite and Plaintiff.

6.5     Custard and Minnie authorized correspondence to be sent to the Plaintiff as AIG or Granite's decision on the claim as early as October 18, 2017, including a partial denial of Plaintiff's Claim. Because Minnie had not been properly trained or lacked experience on large insurance claims, Minnie failed to perform a thorough and reasonable investigation of the Claim. Instead, Minnie performed a substandard inspection of covered damages to the Premises which he knew would be relied upon by Granite and/or AIG in the adjustment of the Claim. Minnie undervalued Plaintiff's covered losses in doing so which resulted in either the erroneous denial or significant underpayment of various portions of the Claim. Plaintiff's General Manager's dissatisfaction was expressed to Granite and/or AIG as early as December 2017.

6.6     Minnie misrepresented the terms and conditions of the Policy to Plaintiff by denying the fact that certain equipment was indeed covered under the Policy. This was a material misrepresentation of the Policy and Minnie's conduct constitutes a violation of Tex. Ins. Code §541.051(1)(A) and Tex. Ins. Code §541.061. Further, Minnie engaged experts he knew to be biased, misapplied or simply disregarded a number of Coverage Extensions under the Policy which would have significantly increased Plaintiff's covered losses, failed to consider the Windstorm or

Hail Deductible Endorsement of the Policy, and misapplied the Windstorm or Hail Deductible. Moreover, Minnie failed to conduct a reasonable investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Minnie's unreasonable, outcome-oriented investigation of Plaintiff's Claim constitutes a violation of Tex. Ins. Code §541.060(a)(7).

6.7     All Defendants misrepresented to Plaintiff that much of the damage to the Premises was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of Tex. Ins. Code §541.060(a)(1).

6.8     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim when Granite's liability was reasonably clear. Defendants' conduct constitutes a violation of Tex. Ins. Code §541.060(a)(2)(a).

6.9     All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of Tex. Ins. Code §541.060(7).

6.10    From and after the time Plaintiff's Claim was presented to Granite and AIG, the liability of Granite to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Granite has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Granite's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.11    All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

6.12    Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

### *Defendants rebuff Plaintiff's efforts to resolve the Claim amicably prior to litigation*

6.13    On June 1, 2017, Governor Abbot signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Tex. Ins. Code §542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Tex. Ins. Code §542A should assist Business consumers like Plaintiff to avoid protracted litigation over a clear claim.

6.14    In compliance with Tex. Ins. Code §542A.003, Plaintiff gave its pre-suit notice on August 16, 2019. The pre-suit notice provided an outline of Plaintiff's concerns with Defendants' claims handling and Granite's payments made to date. Plaintiff also offered to take a *substantial* discount of the total covered damages under the Policy to which it was entitled to avoid protracted litigation.

6.15    Aside from requesting access to inspect the Premises in September through their attorneys (which took place on September 25, 2019), Granite refused to make any additional payments under the Policy, compelling Plaintiff to institute litigation. Importantly, neither Granite nor AIG elected to accept the liability of any of the adjuster involved with the Claim (including Minnie) prior to this lawsuit being filed under Tex. Ins. Code §542A, despite being afforded the statutory opportunity to do so.

## VII.    CAUSES OF ACTION AGAINST GRANITE

7.1     Defendant, Granite, is liable to Plaintiff for intentional breach of contract, violations of the prompt payment of claims provision of the Texas Insurance Code, and breaching the duty of good faith and fair dealing.

### Breach of Contract

7.2     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant, Granite. Defendant, Granite, breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant, Granite's, breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant, Granite, is estopped from raising the issue due to Defendant, Granite's, prior breach of the insurance contract.

### Prompt Payment of Claims Violations

7.3     The Claim is a claim under an insurance policy with Defendant, Granite, of which Plaintiff gave Defendant, Granite, proper notice. Defendant, Granite, is liable for the Claim. Defendant, Granite, violated the prompt payment of claims provisions of Tex. Ins. Code §542.051, *et seq.* by:

a)      Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code §542.056; and/or by

b)      Delaying payment of the Claim following Defendant, Granite's, receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code §542.058.

7.4     Defendant, Granite's, violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by Tex. Ins. Code §542.060.

*Breach of the Duty of Good Faith and Fair Dealing*

7.5     Defendant, Granite, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant, Granite, knew or should have known that Defendant, Granite's, liability to Plaintiff was reasonably clear. Defendant, Granite's, conduct proximately caused Plaintiff's injuries and damages.

## VIII.   CAUSES OF ACTION AGAINST GRANITE AND AIG

8.1     Defendants, Granite and AIG, are liable to the Plaintiff for intentional violation of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

*Noncompliance with Texas Insurance Code: Unfair Settlement Practices*

8.2     The conduct, acts, and/or omissions by Defendants, Granite and AIG, constituted Unfair Settlement Practices pursuant to Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

8.3     Defendants, Granite and AIG's, unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

8.4     Defendants, Granite and AIG's, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant, Granite's, liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

8.5     Defendants, Granite and AIG's, unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromised settlement of the Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

8.6     Defendants, Granite and AIG's, unfair settlement practice, as described above, of refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

8.7     Defendants, Granite and AIG's, conduct, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants, Granite and AIG, refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. Tex. Ins. Code §542.003(5).

## IX.     CAUSES OF ACTION AGAINST CUSTARD AND MINNIE

9.1     Defendants, Custard and Minnie, are insurance adjusters that were assigned or otherwise engaged by Defendants, Granite and AIG, to adjust the claim.

### *Noncompliance with Texas Insurance Code: Unfair Settlement Practices*

9.2     The conduct, acts, and/or omissions by Defendants, Custard and Minnie, while adjusting the Claim constituted Unfair Settlement Practices pursuant to Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

9.3     Defendants, Custard and Minnie, are liable for unfair and deceptive acts, irrespective of the fact these defendants were acting on behalf of Defendants, Granite and AIG, because

Defendants, Custard and Minnie, are each, individually, a "person" as defined by Tex. Ins. Code §541.002(2). The term "person" is defined as "any individual, *corporation*, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

9.4     The unfair settlement practices of Defendants, Custard and Minnie, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

9.5     The unfair settlement practices of Defendants, Custard and Minnie, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

9.6     The unfair settlement practices of Defendants, Custard and Minnie, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

9.7     The unfair settlement practices of Defendants, Custard and Minnie, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

9.8     The unfair settlement practices of Defendants, Custard and Minnie, as described above, in refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

### *Misrepresentation Regarding Policy or Insurer*

9.9     The statements made by Defendant, Minnie, misrepresenting the terms of the Policy, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.051(1)(A).

### *Misrepresentation of Insurance Policy*

9.10    The misrepresentation made by Defendant, Minnie, making an untrue statement of material fact, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.061(1).

9.11    The misrepresentation made by Defendant, Minnie, making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.061(3).

## X.    KNOWLEDGE

10.1    Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## XI.    DAMAGES

11.1    As a direct and proximate result of occurrence made the basis of this lawsuit, Plaintiff suffered damages for which they seek to recover in this lawsuit.

11.2    The amount of damages that would fairly and reasonably compensate Plaintiff for its damages is to be properly determined by a jury after consideration of all the evidence presented at trial. However, in satisfaction of Rule 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00. Plaintiff makes this damages calculation pursuant to Tex. R. Civ. P. 47. This statement is made solely for the purpose of providing information on the nature of this case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

## XII.    REQUEST FOR DISCLOSURE

12.1    Pursuant to Tex. R. Civ. P. 194, Plaintiff hereby requests that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

For the reasons stated herein, Plaintiff, Lakeside Country Club, Inc., respectfully requests that the Court issue citation commanding Defendants, Granite State Insurance Company, AIG Claims, Inc., Custard Insurance Adjusters, Inc., and Robert Minnie, to appear and answer, and that Plaintiff have judgment against Defendants for the following:

   a.    actual damages;

   b.    statutory penalties and interest;

c.      treble damages under the Texas Insurance Code;

d.      consequential damages;

e.      loss of income;

f.      prejudgment and post-judgment interest as allowed by law;

g.      attorney's fees for the trial and any appeal of this case;

h.      costs of court; and

i.      all other relief to which Plaintiff may be entitled.


Respectfully Submitted,

ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
800 Commerce Street
Houston, Texas 77002
Phone: (713) 222-7211
Facsimile: (713) 225-0827
rsorrels@awtxlaw.com

***ATTORNEY FOR PLAINTIFF***

12/30/2019 1:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39554055
By: KATINA WILLIAMS
Filed: 12/30/2019 1:24 PM

CAUSE NO. 2019-85936

| | | |
|---|---|---|
| LAKESIDE COUNTRY CLUB, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GRANITE STATE INSURANCE | § | |
| COMPANY, AIG CLAIMS, INC., | § | |
| CUSTARD INSURANCE ADJUSTERS, | § | |
| INC., AND ROBERT MINNIE | § | |
| | § | |
| DEFENDANTS | § | 152nd JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANTS
## GRANITE STATE INSURANCE COMPANY, AIG CLAIMS, INC.,
## CUSTARD INSURANCE ADJUSTERS, INC., AND ROBERT MINNIE

Defendants Granite State Insurance Company ("Granite State"), AIG Claims, Inc. ("AIG Claims"), Custard Insurance Adjusters, Inc. ("Custard"), and Robert Minnie ("Minnie") (collectively "Defendants") file their Original Answer to Plaintiff's Original Petition, and as grounds therefore would respectfully show the Court as follows:

### GENERAL DENIAL

1.      Subject to such stipulations and/or admissions that may hereinafter be made, Defendants enter this general denial pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas. TEX. R. CIV. P. 92. Defendants reserve the right to amend its answer and defenses as such become available as well as relies upon, without waiver, the express and unambiguous terms, conditions, exclusions and exceptions contained within the policy(ies) at issue.

## AFFIRMATIVE DEFENSES

2.      Defendants assert that Plaintiff has not met the conditions precedent under the policy. Plaintiff has not complied with its duties in the event of loss with respect to cooperation. Specifically, it has not provided the documents necessary to establish its entitlement to and/or amount of certain payment(s), if any. Accordingly, Defendants aver they have and have had a reasonable basis to delay and/or potentially deny coverage of Plaintiff's claim under the policy at issue.

3.      Defendants further assert that Plaintiff has not met the conditions precedent under the law. *Centex Corp. v. Dalton,* 840 S.W.2d 952, 956 (Tex. 1992). Specifically, Plaintiff has not provided the requisite notice required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.002 or TEXAS INSURANCE CODE § 541.154.

4.      To the extent Plaintiff has any covered damage for which it has not been compensated, Plaintiff has the burden of allocating between covered and non-covered damages. Under the doctrine of concurrent causation, Defendants do not owe coverage for damage caused by non-covered perils if covered and non-covered perils combined to create Plaintiff's alleged loss; the insured is entitled to recover only that portion of the damage caused solely by the covered peril. *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co*., 130 S.W.3d 181, 198 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The insured must present some evidence from which the jury can allocate the damage attributable to the covered peril. *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993).

5.      To the extent that the loss or damage Plaintiff alleges did not occur within the effective period of the policy, the loss or damage is not covered by Defendants. Relatedly,

2

Defendants would show that Plaintiff failed to mitigate its damages and/or make reasonably prompt repairs.

6.     Defendants assert, in the unlikely event that a verdict or judgment is recovered against it, that it is entitled to have any such judgment or verdict reduced by those amounts, if any, that have been paid to indemnify Plaintiff for any loss or damage claimed herein.

7.     Defendants assert in addition and/or in the alternative that pursuant to Section 542.060(c) of the Texas Insurance Code, in the event Plaintiff is successful on its "prompt payment of claims" cause of action, Plaintiff is not entitled to 18% interest.

8.     Defendants assert in addition and/or in the alternative that Plaintiff failed to provide the required written notice to Defendants as a prerequisite to filing this lawsuit as required by Section 541.003 of the Texas Insurance Code. Specifically, Plaintiff failed to state the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property, and Plaintiff failed to state the amount of reasonable and necessary attorney's fees incurred by the claimant.

9.     Defendants assert in addition and/or in the alternative that pursuant to Section 542A.007(d) of the Texas Insurance Code the Court may not award Plaintiff any attorneys' fees incurred after the date of this Answer. This pleading is timely pursuant to Section 542A.007(d) of the Texas Insurance Code.

10.     Defendants reserve their right to claim the defense of offset as provided by applicable law in the event Plaintiff obtains proceeds for the alleged damage from any other entity.

11.     In the alternative and without waiving the foregoing, Defendants invoke the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and specifically request

3

that the comparative responsibility of Plaintiff and/or any other responsible parties be determined and Plaintiff's recovery, if any, be barred or otherwise reduced by the fault attributable to Plaintiff and/or any other responsible parties.

12.    Plaintiff's lawsuit is merely a breach of contract suit and not actionable under the Texas Insurance Code or Texas Deceptive Trade Practices Act.

13.    The imposition of punitive, treble, or exemplary damages upon Defendants for the allegations made by Plaintiff violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause in Article I, Section 16 of the Constitution of the State of Texas.

**RIGHT TO AMEND**

14.    Defendants reserve the right to amend their answer herein as matters are more fully developed.

**PRAYER**

WHEREFORE, Defendants, Defendants Granite State Insurance Company, AIG Claims, Inc., Custard Insurance Adjusters, Inc., and Robert Minnie, request that the relief prayed for by Plaintiff in its live petition in the above-styled and numbered cause be denied, that Plaintiff takes

4

nothing herein, and that Defendants go hence without delay, with recovery of their costs and attorneys' fees, and with such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 - Facsimile

By: /s/ *William J. Eggleston*
     William J. Eggleston
     Texas Bar No. 06483500
     wje@egglestonbriscoe.com
     William J. Eggleston, IV
     Texas Bar No. 24063853
     will@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANTS
GRANITE STATE INSURANCE
COMPANY, AIG CLAIMS, INC.,
CUSTARD INSURANCE ADJUSTERS,
INC., AND ROBERT MINNIE

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 1st day of December 30, 2019, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Texas Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties pursuant to Texas Rule of Civil Procedure 11.

Randall O. Sorrels
Law Offices of Abraham, Watkins, Nichols,
Sorrels, Agosto, and Aziz
800 Commerce Street
Houston, Texas 77002
713.222.7211—Telephone
713.225.0827—Fax
rsorrels@awtxlaw.com

*William J. Eggleston IV*
William J. Eggleston, IV